# Exhibit J

JacksonLewis

**Jackson Lewis P.C.**
75 Park Plaza, 4th Floor
Boston MA 02116
(617) 367-0025 Main
jacksonlewis.com

MY DIRECT DIAL: (617) 305-1220
MY EMAIL ADDRESS IS: ROBERT.MORSILLI@JACKSONLEWIS.COM

November 13, 2025

**VIA ELECTRONIC MAIL**

Marc D. Greenbaum, Arbitrator
c/o Amanda Wells, Senior Case Administrator
The Labor Relations Connection, Inc.
P.O. Box 333
Sandwich, MA 02563
Email: Amandawells@the-lrc.com

**Re: LRC # 328-25, 1199SEIU United Healthcare Workers East & Boston Medical Center (South) (Articles. 12.01, 24 & 26, Class Action – Anniversary Increases)**

Dear Arbitrator Greenbaum:

Boston Medical Center ("BMC") writes to reaffirm that the grievance in this matter is not substantively arbitrable, to reiterate its refusal to arbitrate that threshold issue, and to demand that arbitration be stayed pending judicial determination.

On October 17, 2025, BMC notified the union of its position that the underlying grievance in this matter is not substantively arbitrable and of its refusal to participate in arbitration[1]. *See*

[1] The grievance arises under a collective bargaining agreement ("CBA") between the Massachusetts Nurses Association and Good Samaritan Medical Center, which BMC assumed pursuant to pursuant to an Order issued by the United States Bankruptcy Court for the Southern District of Texas (Houston Division) entered September 13, 2024 ("Order") and an Asset Purchase Agreement ("APA") by and among Steward St. Elizabeth's Medical Center of Boston, Inc. and Steward Good Samaritan Medical Center, Inc. (Sellers) and BMC Community Hospital Corporation (Buyer). Pursuant to the Bankruptcy Court's Order and the APA, BMC assumed liabilities arising under "Assumed Contracts," including the CBA,

> solely to the extent arising from period occurring on or after the [October 1, 2024] Closing and relating (and only to the extent so relating) to facts, circumstances or occurrences first arising after the [October 1, 2024 11:59 p.m.] Effective Time and that do not arise from or relate to, and are not in connection with, any event, circumstance or condition occurring or existing at or prior to the Effective Time that, with or without notice or lapse of time, would constitute or result in a breach, violation or default under applicable Law or any such Assumed Contracts by Seller or the Seller Affiliates prior to Closing[.]

JacksonLewis



**Exhibit A**, *October 17 Objection Letter*. Thereafter, BMC received notice from the Labor Relations Connection, the contractually-designated arbitration administration agency, that you requested a conference call on the matter with counsel. On October 18, 2025, I agreed to participate in requested arbitration, but specifically maintained BMC's position that you did not have jurisdiction in this matter. *See* **Exhibit B**, *October 18 Email to Amanda Wells*.

On October 29, 2025, you convened a conference to discuss BMC's October 17 letter. At that time, BMC maintained its position that the underlying grievance is not substantively arbitrable and its refusal to arbitrate that preliminary issue. You concluded the conference by informing the parties that you intended to proceed *ex parte* if BMC elected not to participate. *See* **Exhibit C**, *October 29 Email Summarizing Conference*.

It is well-settled that questions of substantive arbitrability are the province of the judiciary unless the parties have "clearly and unmistakably" agreed to delegate that issue to the arbitrator. *AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 649 (1986); *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 944 (1995); *Local 369, Util. Workers v. Boston Edison Co.*, 588 F. Supp. 800, 805 (D. Mass. 1984), *aff'd*, 752 F.2d 1 (1st Cir. 1984). Where the applicable contract – the CBA in this case – is silent, courts retain authority to determine substantive arbitrability unless a party's conduct clearly demonstrates waiver. *See Steelworkers v. Warrior & Gulf Co.*, 363 U.S. 574, 583 n.7 (1960). Where a party strenuously and consistently objects to an arbitrator's authority before participating extensively in arbitration on the merits, courts find no such waiver. *See Crossville Med. Oncology, P.C. v. Glenwood Sys., LLC*, 485 F. App'x 821, 823 (6th Cir. 2012) (declining to find waiver where petitioner objected from the outset); *Opals on Ice Lingerie v. Bodylines Inc.*, 320 F.3d 362, 366–69 (2d Cir. 2003) (no waiver where party objected early in proceedings and continually challenged jurisdiction throughout); *Coady v. Ashcraft & Gerel*, 223 F.3d 1, 9 n.10 (1st Cir. 2000) (no waiver where party vigorously objected during proceedings).

BMC reiterates that it has not, and does not, consent to arbitrate the issue of substantive arbitrability. The CBA contains no language delegating that authority to you, *see* **Exhibit D**, *CBA*, and BMC has consistently objected to your jurisdiction over the substantive arbitrability of this matter. Respectfully, your decision to convene an arbitration of this matter, including on an *ex parte* basis, is legally erroneous. Substantive arbitrability is a threshold issue – it must be decided before any consideration of the merits of the grievance. To do otherwise prejudices BMC as it is forced to incur the significant cost associated with the erroneously-convened arbitration.

BMC respectfully requests that the arbitration be stayed and, if necessary, convened after an appropriate court determines the substantive arbitrability issue. Thank you.

---

(APA ¶1.3(b)).

JacksonLewis



Very truly yours,

Robert H. Morsilli

cc: Ashley C. Krezmien, Esq. (via email: Ashley.Krezmien@jacksonlewis.com)
Ian Russell, Esq. (via email: irussell@pylerome.com)