# Exhibit K

JacksonLewis

**Jackson Lewis P.C.**
75 Park Plaza, 4th Floor
Boston MA 02116
(617) 367-0025 Main
jacksonlewis.com

MY DIRECT DIAL: (617) 305-1220
MY EMAIL ADDRESS IS: ROBERT.MORSILLI@JACKSONLEWIS.COM

March 11, 2026

**VIA ELECTRONIC MAIL**

Marc D. Greenbaum, Arbitrator
c/o Amanda Wells, Senior Case Administrator
The Labor Relations Connection, Inc.
P.O. Box 333
Sandwich, MA 02563
Email: Amandawells@the-lrc.com

**Re: LRC # 328-25, 1199SEIU United Healthcare Workers East & Boston Medical Center (South) (Articles. 12.01, 24 & 26, Class Action – Anniversary Increases)**

Dear Arbitrator Greenbaum:

Boston Medical Center ("BMC") respectfully renews its request to stay the above-referenced arbitration.

As background, the arbitration hearing in this matter was initially scheduled for November 14, 2025. On October 17, 2025, BMC notified the union of its position that the underlying grievance in this matter is not substantively arbitrable and of its refusal to participate in arbitration. On October 29, 2025, you convened a conference to discuss BMC's October 17 letter. At that time, BMC maintained its position that the underlying grievance is not substantively arbitrable and its refusal to arbitrate that preliminary issue. You concluded the conference by informing the parties that you intended to proceed *ex parte* if BMC elected not to participate.

On November 13, 2024, BMC submitted a letter to you objecting to your authority to determine the preliminary issue of substantive arbitrability, citing clear authority for the proposition that substantive arbitrability is within the province of the judiciary absent a clear and unmistakable delegation of that issue to the arbitrator, and demanding that the arbitration hearing be stayed pending judicial determination of the arbitrability issue. Also on November 13, 2024, the Union requested to postpone the hearing due to the illness of a witness.

On November 14, 2025, you convened a conference with BMC and the union, at which time you denied BMC's demand to stay the arbitration hearing and rescheduled the hearing for

JacksonLewis



March 20, 2026. That same day, you issued an Order stating that "the employer request to stay this arbitration is denied without prejudice to the Employer's right to renew the motion should it commence a civil action in an appropriate judicial forum seeking to stay this arbitration."

On March 10, 2026, BMC filed a Complaint for Declaratory Judgment against the union in the United States District Court for the District of Massachusetts, seeking a declaration that the grievance in this matter is not substantively arbitrable. A copy of BMC's Complaint is enclosed.[1] Accordingly, BMC hereby renews its motion to stay the arbitration currently scheduled for March 20, 2026.

Thank you for your attention to this matter.

Sincerely,

Robert H. Morsilli

*Enclosures*

cc: Ashley C. Krezmien, Esq. (via email: Ashley.Krezmien@jacksonlewis.com)
Ian Russell, Esq. (via email: irussell@pylerome.com)

[1] We have not enclosed the exhibits to the Complaint given their volume, but can certainly provide those to you if you determine necessary.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| BOSTON MEDICAL CENTER – SOUTH CORPORATION D/B/A BOSTON MEDICAL CENTER - SOUTH,<br><br>Plaintiff,<br><br>vs.<br><br>1199SEIU UNITED HEALTHCARE WORKERS EAST,<br><br>Defendant. | ) | Case No. |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Boston Medical Center – South Corporation d/b/a Boston Medical Center - South ("BMC South") through its undersigned counsel files this Complaint for Declaratory Judgment against Defendant 1199SEIU United Healthcare Workers East ("1199SEIU") and states as follows.

## JURISDICTION AND VENUE

1. BMC South seeks a judgment declaring that the class action grievance filed by 1199SEIU on or about April 2, 2025 ("the Grievance") alleging that BMC South violated the parties' collective bargaining agreement ("CBA") by failing to rectify anniversary wage increases not provided to bargaining unit members before October 1, 2024 is not substantively arbitrable.

2. This Court has jurisdiction over this action under Section 301 of the Labor-Management Relations Act of 1947, as amended, 29 U.S.C. § 185 ("LMRA") because this dispute arises from an alleged violation of the CBA between BMC South and 1199SEIU.

3. This Court also has jurisdiction under 28 U.S.C. § 1331 because this case arises under laws of the United States.

4. Venue in this District is proper under 29 U.S.C. § 185(a) and (c) because 1199SEIU's duly authorized officers and agents represent and act for its members in this District, including members who are employed by BMC South in this District.

5. Venue is also proper in this District under 28 U.S.C. § 1391(b).

## THE PARTIES

6. BMC South is a non-profit corporation with its principal place of business in Brockton, Massachusetts. BMC South was formerly known as BMC Community Hospital Corporation.

7. BMC South is an employer in an industry affecting commerce under the LMRA.

8. 1199SEIU is a labor organization that represents employees in an industry affecting commerce under the LMRA and maintains its principal place of business at 498 Seventh Avenue, New York, New York 10018.

## FACTUAL BACKGROUND

### A. BMC South Acquires Good Samaritan Medical Center Through Bankruptcy And Assumes Limited Liability Under The CBA For Events That Post-Date The Acquisition.

9. BMC South is a hospital located in Brockton, Massachusetts.

10. Prior to October 1, 2024, the hospital now operating as BMC South operated as Good Samaritan Medical Center ("GSMC").

11. Prior to October 1, 2024, Steward Health Care System, LLC and/or affiliates thereof ("Steward") owned and operated GSMC, St. Elizabeth's Medical Center ("SEMC") in Brighton, Massachusetts, and a number of other hospitals in Massachusetts.

12. Prior to October 1, 2024 1199SEIU and Steward were parties to a collective bargaining agreement which recognized 1199SEIU as the exclusive collective bargaining representative of certain employees employed by Steward at various hospitals in Massachusetts, including GSMC and SEMC. *See* **Exhibit A**, *Collective Bargaining Agreement*.

13. On May 6, 2024, Steward filed a voluntary Chapter 11 petition for bankruptcy in the United States Bankruptcy Court for the Southern District of Texas (Houston Division) (the "Bankruptcy Court"), commencing *In re Steward Health Care System LLC*, Case No. 24-90213 (the "Bankruptcy Proceeding").

14. On May 7, 2024, counsel for 1199SEIU appeared in the Bankruptcy Proceeding. *See* Dkt. Nos. 109, 111, and 275.

15. On May 15, 2024, Steward filed an Emergency Motion for entry of an Order (I) Approving (A) Global Bidding Procedures for Sales of the Debtors' Assets, (B) Form and Manner of Notice of Sales, Auctions, and Sale Hearings, and (C) Assumption and Assignment Procedures and Form and Manner of Notice of Assumption and Assignment; (II) Authorizing Designation of Stalking Horse Bidders; (III) Scheduling Auctions and Sale Hearings; and (IV) Granting Related Relief Filed by Debtor Steward Health Care System LLC ("Emergency Motion for A Bidding Order"). *See* Dkt. No. 281.

16. On May 30, 2024, 1199SEIU objected to Steward's Emergency Motion for a Bidding Order, asserting that any buyer of Steward's assets must assume all Steward's obligations under the CBA as a successor. *See* Dkt. 513.

17. On June 3, 2024, the Bankruptcy Court entered an Order approving the relief requested in Steward's Emergency Motion over 1199SEIU's objections. *See* Dkt. 626.

18. On August 30, 2024, Steward filed a Notice of Designation of Successful Bid and Proposed Sale Order for GSMC and SEMC ("August 30, 2024 Notice"). Therein, Steward identified BMC Community Hospital Corporation as the successful, qualified bidder. *See* Dkt. 2260.

19. Attached as Exhibit B to the August 30, 2024 Notice was the proposed order approving the sale transaction for GSMC and SEMC. Also attached was a final and executed Asset Purchase Agreement by and among Steward St. Elizabeth's Medical Center of Boston, Inc. and Steward Good Samaritan Medical Center, Inc., as Sellers, and BMC Community Hospital Corporation, as Buyer. *See* Dkt. 2260.

20. On September 2, 2024, 1199SEIU filed a limited objection to Steward's proposed sale of GSMC and SEMC to BMC Community Hospital Corporation, alleging that the proposed sales were in contravention of Article XXVI ("Successor Clause") of the collective bargaining agreement between 1199SEIU and Steward. Specifically, 1199SEIU alleged:

> The Debtors have agreed that the Purchasers will assume collective bargaining agreements subject to certain specified and unspecified modifications. This is an outright violation of the Successor Clause, which *unconditionally* requires Steward to include a term in [the] APA stating that the Purchaser will recognize the Union and be bound by the existing terms of the collective bargaining agreement. Additionally, the Debtors and Purchasers seemingly disregard the requirements of Section 365(b) of the Bankruptcy Code by (a) assuming and assigning the CBA without fully addressing cure obligations thereunder, either by payment-in-full by the Debtors at the Effective Time or by assumption by the Purchasers and payment in the ordinary course, and (b) the Purchasers purporting to assume the collective bargaining agreements without unambiguously assuming all ordinary course obligations and liabilities thereunder. Finally, despite language to the contrary in [the APA], the Purchaser[] cannot use Section 363(f) of the Bankruptcy Code to exempt themselves from status or obligations as a "successor employer" under the NLRB, which status and obligations exist independently of any CBA, arise solely out of a purchaser's post-sale conduct, and do not constitute a property interest subject to Section 363(f).

*See* Dkt. 2283 (emphasis in original).

21. On September 13, 2024, the Bankruptcy Court issued an Order approving the Asset Purchase Agreement for BMC Community Hospital Corporation's purchase of Good Samaritan Medical Center ("September 13 Order"). *See* **Exhibit B**, *September 13 Order & Asset Purchase Agreement*. The September 13 Order states that: "[a]ll objections, statements, and reservations of rights, if any, with regard to the relief in the Motion that have not been withdrawn, waived, settled, or otherwise dealt with herein are hereby overruled on the merits, with prejudice." *See* **Exhibit B**, pg. 20.

22. Under ¶1.3 (Assumed Liabilities) of the APA, BMC South assumed liabilities arising under "Assumed Contracts," including the CBA, only if three conditions were met:

1) The liability arose after the October 1, 2024 Closing;

2) The underlying facts or events first occurred after the Effective Time, which the APA defines as 11:59 p.m. on October 1, 2024; and

3) The liability does not arise from, relate to, or connect with any event, circumstance, or condition that occurred or existed before the Effective Time, including anything that would have constituted a breach or default by Steward before Closing.

*See* **Exhibit B**, pg. 76 (emphasis added).

23. The September 13 Order also contains a provision titled "**Free and Clear Transfer Required by Buyer**," which provides that BMC South would not have entered into or consummated the APA if the Purchased Assets were not transferred free and clear of all Liens, Claims, Encumbrances, and Interests, except for Assumed Liabilities, and those otherwise identified in the APA. *See* **Exhibit B**, pg. 14. The provision further confirms that the Sale Transaction constitutes a legal and effective transfer of all legal, equitable, and beneficial right, title, and interests in the Purchased Assets to BMC South ***free and clear*** of such Liens, Claims, Encumbrances, and interests ***except as expressly provided in the APA***. *See id.*

24. The September 13 Order's "**Satisfaction of Section 363(f) Standards**" section further provides that Steward is authorized to sell the Purchased Assets free and clear of all Liens, Claims, Encumbrances, and Interests, except for Assumed Liabilities, Permitted Encumbrances, and those otherwise identified in the APA. *See* **Exhibit B**, pp. 14-15. This provision explains that each creditor or other entity asserting a lien or claim against the Purchased Assets either (i) consented or is deemed to have consented to the Sale Transaction, (ii) could be compelled in a legal or equitable proceeding to accept monetary satisfaction of its asserted interest, or (iii) otherwise fits within one of the statutory bases permitting a sale free and clear under the Bankruptcy Code. *See id.*

25. The September 13 Order's "**Sale and Transfer of Assets Free and Clear**" further provides that, upon closing Steward is authorized to transfer to BMC South all its right, title, interest, and possession in the Purchased assets. *See* **Exhibit B**, pp. 22-23. Consistent with the September 13 Order and the APA, title vested in BMC South immediately at Closing and was transferred free and clear of all Liens, Claims, Encumbrances, and Interests, except for Assumed Liabilities, Permitted Encumbrances, and those otherwise specified in the APA. *See id.*

26. The September 13 Order also included a sweeping "**No Successor Liability**" provision stating that BMC South "shall have ***no*** successor or vicarious liabilities of any kind or character," including liabilities relating to labor law or collective bargaining agreements, ***except as expressly provided in the APA***. *See* **Exhibit B**, pp. 15-16 (emphasis added).

27. The September 13 Order's "**Assigned Contracts**" provision further confirms that BMC South assumed no liability whatsoever for any events or occurrences that arise from events that pre-date the Closing Date. *See* **Exhibit B**, pp. 16-18. Specifically, that provision states that BMC South shall not assume liability for:

> any (i) defaults or breaches under such agreement that relate to acts or omissions that occurred in the period, or otherwise arose, prior to the Closing Date and (ii) claims, that occurred in the period, or otherwise arose, prior to the Closing Date, and (ii) claims counterclaims, offsets, or defenses (whether contractual or otherwise) with respect to such Assigned Contract, that relate to any acts or omissions that arose or occurred prior to the Closing Date.

*See id.*, pg. 18.

28. On September 30, 2024, 1199SEIU signed a Memorandum of Agreement recognizing that BMC South "shall only assume Liabilities related to the CBA pursuant to the terms set forth in the [APA]." *See* **Exhibit C**, *Memorandum of Agreement*.

29. At 11:59 p.m. on October 1, 2024, BMC South acquired GSMC.

**B. 1199SEIU Files A Class Action Grievance Based On Alleged Violations That Occurred *On or Before* the Closing Date.**

30. Article 12.01 of the CBA provides that bargaining unit members employed at Good Samaritan Medical Center will receive annual wage increases on their respective employment anniversary dates. *See* **Exhibit A**, pp. 18-21.

31. Article 24 of the CBA contains a mandatory grievance resolution procedure that provides for binding arbitration for the resolution of disputes arising under the CBA. *See* **Exhibit A**, pp. 49-51.

32. Article 24 expressly limits an arbitrator's authority:

> "The arbitrator's authority shall be limited to interpreting and applying the provisions of the relevant Agreement to the grievance as submitted to him or her for arbitration in accordance with the grievance submitted at Step 3, and they shall have no authority directly or indirectly to modify, amend, add to or subtract from, change or disregard any of the provisions of the relevant agreement."

*See id.*

Case 1:26-cv-01215 Document 1-13 Filed 10/10/25 Page 8 of 11

33. Article 24 does not contain a provision authorizing an arbitrator to decide whether an underlying grievance is substantively arbitrable. *See id.*

34. On April 2, 2025, 1199SEIU filed the Grievance alleging violations of Articles 12.01 (Wages), 24 (Grievance and Arbitration Procedure), and 26 (Successor Clause) of the CBA, based on anniversary wage increases that bargaining unit members at GSMC purportedly did not receive ***before*** the Effective Time. *See* **Exhibit D**, *Class Action Grievance Demand*.

35. On April 30, 2025, BMC South denied the Grievance, maintaining that the alleged violations of the collective bargaining agreement occurred before, or were connected to, an event or condition existing at or before the Effective Time, and, pursuant to the Bankruptcy Court's September 13, 2024 Order and the Asset Purchase Agreement, BMC South did not assume liability for the alleged violations. BMC South further denied the arbitrability of the Grievance. *See* **Exhibit E**, *Grievance Denial*.

36. On May 6, 2025, 1199SEIU filed a Demand for Arbitration. *See* **Exhibit F**, *Arbitration Demand*.

**C. BMC South Objects To The Arbitrator's Authority To Determine The Threshold Question Of Whether The Class Action Grievance is Substantively Arbitrable.**

37. Arbitrator Marc Greenbaum was selected to hear the Class Action Grievance, and the matter was scheduled for hearing on November 14, 2025.

38. On October 17, 2025, BMC South notified the contractually agreed-upon arbitration administrator, the Labor Relations Connection, and 1199SEIU of its position that the underlying grievance in this matter is not substantively arbitrable and of its refusal to participate in arbitration. *See* **Exhibit G**, *October 17 Letter*.

39. On October 29, 2025, Arbitrator Greenbaum convened a conference call to discuss BMC South's position regarding the substantive arbitrability of the Grievance.

40. During the October 29 conference call, BMC South maintained its position that the underlying grievance is not substantively arbitrable and its refusal to arbitrate that preliminary issue. *See* **Exhibit H**, *October 29 Email Summarizing Conference*.

41. Arbitrator Greenbaum informed the parties that he intended to proceed with the arbitration hearing, and he would do so *ex parte* if BMC South elected not to participate at hearing. *See id.*

42. On November 13, 2025, BMC South submitted a letter to Arbitrator Greenbaum, objecting to his authority to determine the preliminary issue of substantive arbitrability, citing clear authority for the proposition that substantive arbitrability is within the province of the judiciary absent a clear and unmistakable delegation of that issue to the arbitrator, and demanding that the arbitration hearing be stayed pending judicial determination of the arbitrability issue. *See* **Exhibit I**, *November 13, 2025 Letter*.

43. On November 13, 2025, 1199SEIU requested a postponement of the November 14, 2025 arbitration hearing due to the illness of a witness.

44. On November 14, 2025, Arbitrator Greenbaum convened a conference with BMC South and 1199SEIU, at which time he denied BMC South's demand to stay the arbitration hearing.

45. Arbitrator Greenbaum re-scheduled the arbitration hearing for March 20, 2026.

**COUNT I**
**(DECLARATORY JUDGMENT ACTION)**

46. BMC South incorporates paragraphs 1 through 45 of the Complaint as if fully set forth herein.

47. Declaratory judgment is necessary because an actual controversy exists between BMC South and 1199SEIU regarding BMC South's obligation to arbitrate an alleged dispute pursuant to the grievance and arbitration procedure set forth in Article 24 of the parties' CBA.

48. The parties' CBA does not contain a provision delegating the issue of substantive arbitrability to arbitration.

49. BMC South has not otherwise authorized Arbitrator Greenbaum to decide whether the Grievance is substantively arbitrable. On the contrary, BMC has consistently objected to Arbitrator's Greenbaum's authority to determine the substantive arbitrability of the Grievance.

50. It is the province of this Court to determine the substantive arbitrability of the Grievance.

51. The Grievance is not substantively arbitrable because the underlying alleged violation of the collective bargaining agreement between 1199SEIU and Steward is not an Assumed Liability within the meaning of the Bankruptcy Court's September 13 Order and the Asset Purchase Agreement.

**PRAYER FOR RELIEF**

WHEREFORE, BMC South respectfully requests that this Court enter judgment in its favor and grant the following relief:

1. Declare that the Grievance is not substantively arbitrable;

2. Award BMC South its costs and reasonable attorneys' fees incurred in connection with this action, as permitted by law; and

3. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

BOSTON MEDICAL CENTER – SOUTH CORPORATION D/B/A BOSTON MEDICAL CENTER – SOUTH,

By its attorneys,

*<u>/s/ Robert H. Morsilli</u>*
Robert H. Morsilli, BBO No. 629999
Ashley C. Krezmien, BBO No. 711312
JACKSON LEWIS P.C.
75 Park Plaza, 4th Floor
Boston, MA 02116
T: 617-367-0025; F: 617-367-2155
Robert.Morsilli@jacksonlewis.com
Ashley.Krezmien@jacksonlewis.com

Dated: March 10, 2026

4928-0118-7731, v. 4